5

Stephan M. Brown, Esq. (SBN 300563)
Edward A. Smith, Esq. (SBN 139950)
The Bankruptcy Group, P.C.
3300 Douglas Blvd., Suite 100
Roseville, CA 95661
(800) 920-5351
(916) 242-8588 (fax)
eric@thebklawoffice.com

Proposed Attorneys for Debtor in Possession
CS360 Towers, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:

CS360 Towers, LLC, a California limited liability company,

    Debtor in Possession.

Case No.: 17-20731

DC No.: TBG-1

DECLARATION OF STEPHAN M. BROWN IN SUPPORT OF APPLICATION OF DEBTOR IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE BANKRUPTCY GROUP, P.C. AS COUNSEL FOR DEBTOR IN POSSESSION

Date:  March 1, 2017
Time: 10:00 a.m.
Dept.: D
Judge: Hon. Robert S. Bardwil

**DECLARATION OF STEPHAN M. BROWN IN SUPPORT OF APPLICATION OF DEBTOR IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE BANKRUPTCY GROUP, P.C. AS COUNSEL FOR DEBTOR IN POSSESSION**

I, STEPHAN M. BROWN, declare as follows:

1. I am a shareholder in The Bankruptcy Group, P.C. ("TBG" or the "Firm"), located at 3300 Douglas Blvd., Suite 100, Roseville, California 95661.

2.  Based on my role as a shareholder of TBG, I have personal knowledge of each of the facts set forth in this declaration and, if called to testify as a witness, I could and would competently do so, unless otherwise stated.

3.  I have been duly admitted to practice law in the State of California, SBN 300563. I am also admitted to practice before various circuit and district courts, including the District Courts for the Eastern District of California.

4.  I have conducted a conflicts check after reviewing the list of interested parties, which includes: (a) the Debtor; (b) the creditors listed in Schedules D, E, and F, attached to the Petition; (c) the professionals of Debtor in Possession; (d) depository banks; (e) substantial noteholders; and (f) lessors, if any.

5.  TBG is a "disinterested person" as that term is defined in section 101(14) of Title 11 of the United States Code ("the Bankruptcy Code") in that the Firm, its shareholders, counsel, and associates:

    a. are not creditors, equity security holders, or insiders of Debtor in Possession;

    b. are not and were not within 2 years before the date of filing of the Chapter 11 petition, a director, officer, or employee of the Debtor in Possession;

    c. and do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor in Possession, or for any other reason, except as disclosed herein.

6.  While conducting pre-petition services for Debtor in Possession, TBG and its attorneys uncovered fraudulent activities involving its former manager, Raymond E. Sahadeo ("Sahadeo"). TBG's attorneys represented Debtor in Possession and a majority of its

members in removing Sahadeo as a manager of Debtor in Possession. TBG's attorneys also filed a state court action against Sahadeo, and others, to recover rental income that was diverted from the Debtor in Possession to an account maintained by Sahadeo. Debtor in Possession may remove said state court action to this Court as it involves assets of the bankruptcy estate. TBG's attorneys also discovered fraudulent activities involving Sahadeo which are unrelated to Debtor in Possession. TBG attorneys Edward A. Smith and Daniel J. Griffin represent Debtor in Possession's remaining manager, Mark D. Chisick ("Chisick"), in a state court action against Sahadeo to recover real estate that was fraudulently transferred to Sahadeo's father. This matter is unrelated to Debtor in Possession. I also represent Debtor in Possession's majority member, Gemack Associates, LP, in recovering proceeds from a property tax sale, which is unrelated to Debtor in Possession.

7. Except as set forth above, I have no connection with the debtor, creditors, or any party-in-interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee.

8. TBG will periodically review its files during the pendency of this Chapter 11 proceeding to ensure no conflicts arise. If any new relevant facts or relationships are discovered or arise, TBG will use reasonable efforts to identify such further developments and will file a supplemental declaration pursuant to Federal Rule of Bankruptcy Procedure 2014. Additionally, to the extent any client requests or one is required under Rules of Professional Conduct, TBG will or has obtained conflict waivers from the applicable party.

9. The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and staff designated to represent the Debtor in Possession and their current hourly rates are:

   a. Edward A. Smith, Esq.         $400 per hour
   b. Stephan M. Brown, Esq.        $300 per hour
   c. Legal Administrators          $240 per hour
   d. Daniel J. Griffin, Esq.       $200 per hour
   e. Law Clerks and Paralegals     $160 per hour
   f. Administrative Staff          $90 per hour

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtor in Possession in connection with the matters herein described.

11. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use

4

in mass mailings, travel expenses, and transcription costs. The Firm will charge the Debtor in Possession for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. I believe that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12. No promises have been received by the Firm, any shareholders, counsel, or associated parties thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Chapter 11 Case, except among the shareholders, of counsel and associates of the Firm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of February, 2017, at Roseville, California.

/s/ Stephan M. Brown<br>
Stephan M. Brown<br>
Proposed Attorney for<br>
Debtor in Possession