**5**

Stephan M. Brown, Esq. (SBN 300563)
Edward A. Smith, Esq. (SBN 139950)
The Bankruptcy Group, P.C.
3300 Douglas Blvd., Suite 100
Roseville, CA 95661
(800) 920-5351
(916) 242-8588 (fax)
eric@thebklawoffice.com

Proposed Attorneys for Debtor in Possession
CS360 Towers, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:

CS360 Towers, LLC, a California limited liability company,

Debtor in Possession.

Case No.: 17-20731

DC No.: TBG-1

SUPPLEMENTAL DECLARATION OF STEPHAN M. BROWN IN SUPPORT OF APPLICATION OF DEBTOR IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE BANKRUPTCY GROUP, P.C. AS COUNSEL FOR DEBTOR IN POSSESSION

Date: March 1, 2017
Time: 10:00 a.m.
Dept.: D
Judge: Hon. Robert S. Bardwil

**SUPPLEMENTAL DECLARATION OF STEPHAN M. BROWN IN SUPPORT OF APPLICATION OF DEBTOR IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE BANKRUPTCY GROUP, P.C. AS COUNSEL FOR DEBTOR IN POSSESSION**

I, STEPHAN M. BROWN, declare as follows:

1. I have personal knowledge of each of the facts set forth in this declaration and, if called to testify as a witness, I could and would competently do so, unless otherwise stated.

2. To supplement my initial declaration filed on February 13, 2017, there are some additional details that may be relevant to the Application for Employment.

3. In my initial declaration, I indicated that TBG represented a majority of the members of the debtor in removing Raymond Sahadeo ("Sahadeo") as a manager. As clarification, the majority of the members includes Gemack Associates, LP, ("Gemack") a 60% member, and the Chisick Family Trust, (the "Chisick Trust") a 20% member.

4. I also referenced a state court action[1] filed to recover rental income diverted from debtor to Raymond E. Sahadeo ("Sahadeo"). The purpose of this lawsuit is to recover the debtor's funds that were diverted to an entity owned by Sahadeo without authorization. The plaintiffs in this action are CS360 Towers, LLC (the debtor), Mark D. Chisick ("Chisick") in his capacity as the manager of the debtor, Gemack, and the Chisick Trust. The defendants are Sahadeo, the current property management company Ram Commercial Enterprises., Inc., dba HomePoint Property Management, and its owner, Robert A. Machado. If it is in the best interests of the bankruptcy estate to continue with this lawsuit and remove it to the bankruptcy court, because the assets are that of the bankruptcy estate, the other-named plaintiffs are willing to voluntarily dismiss.

5. The activities disclosed in ¶¶ 3 and 4 herein were considered to be part of pre-petition bankruptcy work, although generally not required prior to filing a typical bankruptcy petition. The debtor's manager, Mark D. Chisick, ("Chisick") initially paid $5,000 on September 26, 2016, and $5,000 on November 14, 2016. The debtor paid $70,000 on February 3, 2017, prior to filing the bankruptcy petition.

[1] Chisick et. al. v. Sahadeo et. al., Sacramento County Superior Court Case No. 34-2016-00203435.

6. In my initial declaration, I referenced another state court action[2] wherein some of TBG's attorneys represent the debtor in possession's manager, Chisick. In this state court action, additional plaintiffs are the Chisick Trust, and S360 Properties, LLC, which is an entity co-owned by Chisick and Sahadeo. TBG's attorneys represent the plaintiffs in said state court action under the firm NewPoint Law Group, LLP ("NewPoint"). NewPoint is comprised of the same attorneys and staff as TBG, and co-exists for marketing purposes.

7. When I was initially retained by Chisick in September, 2016, my role was limited to how CS360 Towers, LLC might best manage its debt. However, as I uncovered more financial information, it became evident that the debtor, its members, and other investors appeared to be victims of schemes which may fall within the definition of "white collar crimes" perpetrated by Sahadeo. In the aforementioned state court action, due to our Firm's understanding of the facts and the interrelated nature of all various entities, it was efficient for our attorney's to initially file suit and immediately file a *lis pendens* on the affected properties to prevent further harm. The purpose of the lawsuit is to return the real estate to S360 Properties and/or collect damages from the title company and/or other parties involved in the transaction who appear to have acted negligently. It is believed that Sahadeo is judgment-proof after our investigation revealed many judgments and tax liens already recorded against him/his properties, therefore, no monetary recovery is expected from Sahadeo.

8. There is a possibility that S360 Properties, LLC, may be a creditor of the debtor in the instant bankruptcy case. Chisick and Sahadeo co-own several LLC's, and there appear to have been transfers of funds between the various co-entities over the course of several

---

[2] Chisick et. al. v. Stewart Title Insurance Company et. al., Sacramento County Superior Court Case No. 34-2017-00206310.

years, however, it is unclear whether the other entities are actually creditors at this time due to debtor's historically substandard bookkeeping practices.

9. Regarding the above-referenced action, our firm was engaged on December 27, 2016 with a retainer of $5,000, filed the lawsuit on January 12, 2017, and was paid an additional $6,500 on February 14, 2017, with an outstanding balance due of $7,285.14. The fees wre paid by Chisick.

10. With respect to Gemack Associates, LP, ("Gemack") who is the majority member and a creditor of debtor in possession, my role in the tax sale matter is limited to communications with the Placer County Recorder's office to ensure that the proceeds of the tax sale are eventually paid—there is no litigation. Sahadeo previously communicated with Placer County on Gemack's behalf in this matter, however, for the reasons disclosed herein, that relationship was discontinued. Our firm received a $3,000 retainer from Gemack for this engagement on December 20, 2016, of which $1,285 has been earned.

11. In addition to the matters previously disclosed, Chisick informed our firm that he was served in a lawsuit asserting a claim against him for personal liability, relating to another entity co-owned with Sahadeo, S360 Holdings, LLC.[3] There is a pending deadline to file an answer on behalf of Chisick for which our firm has been engaged. Our firm received a retainer of $3,000 from Chisick for this engagement on February 14, 2017. We have performed some legal services, but have not yet billed for said services.

12. All of the litigation and non-litigation matters referenced herein stem from a common set of facts which members of our firm become informed about over the past several months. Most of the circumstances have required immediate action to prevent further harm upon

[3] Bernard et. al. v. S360 Holdings, LLC et. al., Sacramento County Superior Court Case No. 34-2016-00201536.


discovery. Our firm recognizes the potential for conflicts of interest to develop between the debtor in possession, Chisick, Gemack, the Chisick Trust, and any of the other entities owned by Chisick and Sahadeo. We have disclosed potential conflicts of interest and have obtained and/or are in the process of obtaining conflict waivers.

13. If actual conflicts of interest develop, or if the Court deems it appropriate or necessary, our firm will withdraw from any and all matters which present conflicts in representing the interests of debtor in possession. I am informed and believe that all of our clients as disclosed in my initial declaration and in this supplemental declaration understand and appreciate the knowledge and work product our firm members have acquired in recent months regarding the finances and operations of the debtor in possession, and I believe they will fully cooperate with any directives or orders this Court may issue to ensure that there are no conflicts of interest that would prevent our firm from representing the debtor in possession with undivided loyalty.

14. With respect to the debtor's mailing address on the bankruptcy petition being the same as TBG's address, there is no lease agreement, and no consideration is being paid or expected for collecting mail. TBG's address was used on the bankruptcy petition solely because possession of the business premises has not yet been secured from Sahadeo who has been removed as a manager but refuses to vacate the business premises of debtor in possession.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of February, 2017, at Roseville, California.

/s/ Stephan M. Brown
Stephan M. Brown
Proposed Attorney for
Debtor in Possession