Downey Brand LLP
JAMIE P. DREHER (Bar No. 209380)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:      916.444.1000
Facsimile:       916.444.2100
jdreher@downeybrand.com
Attorneys for
BRADLEY SHARP, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CS360 Towers, LLC,<br><br>    Debtor. | Case No.  17-20731<br><br>Chapter Number:  11<br><br>Docket Control No. DB-006<br><br>**MOTION FOR AUTHORITY TO SELL FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363(f) [UNIT 808]**<br><br>Date:        September 27, 2017<br>Time:       10:00 a.m.<br>Dept:        D, Courtroom 34<br>Judge:      Hon. Robert S. Bardwil |

Chapter 11 Trustee Bradley Sharp ("Trustee") by and through his attorneys of record, hereby moves this Court pursuant to Section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, for entry of an order approving the sale of the real property colloquially known as Condominium Unit 808 in the building located at 500 N Street, Sacramento, California ("Property") free and clear of liens, claims, interests and encumbrances (the "Sale") (with the affected liens to attach to the sales proceeds to the same extent, priority, validity, and amount).  In support of this motion, the Trustee respectfully represents the following:

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested is contained in Bankruptcy Code Section 363 and Bankruptcy Rules 2002 and 6004.

# II. GENERAL BACKGROUND

1. On February 3, 2017 (the "Petition Date"), Debtor CS360 Towers, LLC ("Debtor") commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On March 27, 2017, the court entered its order approving of the appointment of the Trustee, and providing that the Trustee shall have all of the powers enumerated in 11 U.S.C. §1106(a).

2. The estate owns and operates real estate assets consisting of residential condominium units, as well as commercial office space, located in the building at 500 N Street, Sacramento, California ("500 N Street").

The estate owns and/or manages thirty-four (34) condo units and nine (9) commercial units at 500 N Street (collectively, the "Units"). The Units are encumbered by various levels of secured debt. The Units were initially purchased in 2011, through a transaction by which the Debtor and its principals purchased a defaulted note from Wells Fargo, and subsequently foreclosed on that note, thereby obtaining ownership at that time of seventy two (72) units.

3. Since that time, the Debtor has used the assets to generate revenue by (a) renting the units, and managing them as rentals, (b) engaging in sales of units over the years, and (c) using the units as collateral to borrow substantial funds.

4. By previous motion (Docket Control No. DB-003) the Trustee sought, and obtained, authority to sell the Units in the ordinary course of business, and the order on that motion set forth bidding and sale procedures for such ordinary course sales (see, Docket No. 159)("Bid Procedures Order"). The Bid Procedures Order provides that, in the event the Trustee seeks to sell any of the Units free and clear of liens, then such a proposed sale must be approved

2

MOTION FOR AUTHORITY TO SELL FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §363(f) [UNIT 808]

by noticed motion. Thus, the instant motion is filed, seeking an order of the court authorizing the Trustee to sell Unit 808 free and clear of liens, as further set forth herein.

### III.　RELIEF REQUESTED

5.　By this Motion, the Debtor seeks entry of an order approving the sale of the real property colloquially known as Condominium Unit 808 in the building located at 500 N Street, Sacramento, California ("Property") free and clear of liens, claims, interests and encumbrances (the "Sale") pursuant to an executed sale contract (which provides that it is subject to Bankruptcy Court approval), or to such other potential purchaser that is determined to be the successful bidder at the conclusion of an auction to be held in accordance with the bidding procedures set forth herein (the "Successful Bidder"); and (2) granting related relief.

### IV.　BASIS FOR RELIEF REQUESTED

**A.　The Court Should Authorize the Debtor to Sell the Property to the Proposed Purchaser or Other Successful Bidder in Accordance with the Purchase Agreement**

6.　Bankruptcy Code section 363(b) provides that a debtor (here, trustee) "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Courts have found that a sale of assets outside the ordinary course of business should be approved if the trustee can demonstrate a sound business justification for the proposed transaction. *See, e.g., In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986) (implicitly adopting the "sound business judgment" test of *Lionel Corp.* and requiring good faith).

7.　Courts have applied the following four factors in analyzing whether a sound business justification exists: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed and negotiated in good faith; and (d) whether adequate and reasonable notice is provided. *See In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175 (Bankr. D. Del. 1991); *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991). The Trustee submits that the Sale to the Proposed Purchaser or the Successful Bidder consistent with the terms of the Purchase Agreement comports with each of these four criteria.

**Sound Business Justification**

8. The Trustee has a number of business justifications for proposing to sell the Property. First and foremost, as previously set forth in the moving papers giving rise to the Sale Order, the sale of Units is the Debtor's business. Second, the proposed sale reduces the administrative burden to the estate of managing the Property, and allows the estate to realize funds for the payment of creditors.

**Fair and Reasonable Purchase Price**

9. The Trustee proposes to sell Unit 808 to purchasers James and Quincy Roxburgh ("Buyer"), or higher bidder, for $475,000, which was the listing price. The Property has been exposed to the market (the Trustee having previously obtained court authority to hire brokers to list the Units), resulting in the instant proposed sale. The Trustee believes the purchase price is for fair value. Because the sale is subject to overbid, and will be continued to be marketed, the court and parties in interest can be assured that the ultimate sales prices will be fair and reasonable.

10. Where there is a court-approved auction process, a full and fair price is presumed to have been obtained for the assets sold because the best way to determine value is exposure to the market. *See Bank of Am. Nat'l Trust & Sav. Ass'n v. La Salle St. P'ship*, 536 U.S. 434, 457 (1999); *In re Trans World Airlines, Inc.*, 2001 WL 1820326, *4 (Bankr. D. Del. 2001). Here, the Purchase Agreement expressly provides that it is subject to the overbids. A true and correct copy of the Purchase Agreement is attached to the Exhibit List submitted with the Declaration of Chapter 11 Trustee Bradley Sharp in support of this Motion ("Exhibit List"). As set for the below, the Trustee will comply with the court's *Order Establishing Sale and Bid Procedures Relating to the Sale of the Debtor's Real Estate Assets, and for Approval of Sales and Sales Process* (Docket No. 159, entered June 15, 2017)("Bid Procedures Order"), which will further expose the asset to the market and provide for overbids, and an auction at the hearing on this Motion, should any qualified overbid(s) be received.

/ / /

/ / /

**Good Faith**

11.　Courts in the Ninth Circuit have held that a good faith buyer is one who buys in good faith and for value. "[L]ack of good faith is [typically] shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *In re Filtercorp, Inc.*, 163 F.3d 570, 577 (9th Cir. 1998) (quoting *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992)). This standard for determining good faith is applicable even where the buyer is an insider. *Id.*

12.　While "disinterestedness" is not a requirement in order to approve a sale or to make a finding that a buyer is a "good faith buyer", a declaration regarding any connections of the buyer to the Debtor will be provided prior to the hearing on the Motion.

**Adequate and Reasonable Notice**

13.　Bankruptcy Code Section 363(b)(1) provides the Debtor may sell property of the estate, other than in the ordinary course of business, "after notice and a hearing." Bankruptcy Rule 6004(a) provides, in pertinent part, that notice of a proposed sale not in the ordinary course of business must be given pursuant to Bankruptcy Rule 2002(a)(2), (c)(1), (i) and (k), and if applicable, in accordance with Bankruptcy Code section 363(b)(2). Rule 2002(a)(2) requires at least 21 days' notice by mail of a proposed sale of property outside the ordinary course of business. Bankruptcy Rule 2002(c)(1) requires that the notice of a proposed sale include the date, time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. It also provides that the notice of sale of property is sufficient if it generally describes the property. Bankruptcy Rules 6004(c) provides that a motion for authority to sell property free and clear of liens or other interests must be made in accordance with Bankruptcy Rule 9014 and must be served on the parties who have liens or other interests in the property to be sold.

14.　The Debtor has complied with all of the above provisions of the Bankruptcy Code and the Bankruptcy Rules in filing and serving notice of this Motion. Thus, the Debtor has provided accurate and reasonable notice of the Sale in compliance with all applicable Bankruptcy Rules.

**B.　The Court Should Authorize the Sale Free and Clear Pursuant to Section 363(f) of the Bankruptcy Code.**

15.　Bankruptcy Code Section 363(f) provides that the Trustee may sell property free and clear of any interest in such property of an entity other than the estate, only if:

    a.　applicable non-bankruptcy law permits sale of such property free and clear of such interest;

    b.　such entity consents;

    c.　such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d.　such interest is in bona fide dispute; or

    e.　such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16.　The Trustee maintains that one or more of the five subsections of section 363(f) will be satisfied, and therefore, the Trustee may sell the Property free and clear of all liens, claims, and encumbrances. Specifically, the Trustee seeks authority to sell the Property free and clear of the liens identified as title exception numbers 15 and 16, which are deeds of trust in favor of (1) Blake Grossman, Trustee of the Blake R. Grossman Trust ("Grossman"), and (2) Passi Realty, LLC ("Passi"), but with the liens or interests of Grossman and/or Passi to attach to the sale proceeds to the same extent, priority, or validity, as they do the Property.[1] The proposed sale prices is greater than the amount of those liens that show up and are of record on the title report, thus, pursuant to 11 U.S.C. § 363(f)(3), the Property can be sold free and clear (the price at which the property is to be sold is greater than the aggregate value of all liens). The title report, a true and correct copy of which is attached to the Exhibit List, provides that the Grossman lien secures repayment of an obligation of $90,000, and the Passi lien $300,000.

---

[1] Should the Trustee receive the requested claims backup documentation and/or come to agreement with affected lienholders regarding the amount of payment on a respective lien, the Trustee will notify the Court at or before the hearing on the Motion.

6

MOTION FOR AUTHORITY TO SELL FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §363(f) [UNIT 808]

17. Additionally, Grossman filed a proof of claim in this case, but in that claim, did not identify Unit 808 as a unit in which he had a secured interest. Through counsel, the Trustee has attempted to, and has been promised, documents and an accounting demonstrating the validity and amount of the Grossman lien. Despite requests made for weeks, and promises made by Grossman's agent to supply those documents, they have not been provided. Thus, the Grossman lien is also in dispute. Counsel for Passi has also agreed to provide the Trustee similar documentation, which the Trustee must review before agreeing to the ultimate release of sales proceeds.

C. **Proposed Continued Marketing, Overbid and Auction Procedures, and Closing Authority**

18. In connection and compliance with the Bid Procedures Order, the Trustee will notice and serve the requisite *Notice of Sale and Opportunity to Overbid* as contemplated by that Order.

19. Should a Qualified Overbid be received in response to the *Notice of Sale and Opportunity to Overbid*, the Trustee will notify that Court and parties in interest that there will be an auction of the Property to the highest bidder at the hearing on this Motion.

20. The Seller's Estimated Closing Statement prepared by the title company in connection with the Sale is attached to the Exhibit List. The Trustee hereby seeks authority and approval to close the Sale through escrow, and to pay the costs, fees, and charges set forth in the Closing Statement (or in such incremental additional amounts as may occur should there be a sale to an overbidder at a higher sales price, which would incrementally increase some of those costs) without further court approval, including the broker's commissions set forth therein, which reflect percentage broker's commissions fees previously approved by the court in connection with the application(s) to employ the brokers. See, Docket No. 158.

V. **CONCLUSION**

WHEREFORE, the Trustee respectfully requests entry of an order approving the Sale, free and clear of liens as set forth herein, and approving the Auction Procedures, and any further relief necessary thereto, including a determination of the inapplicability of Fed. R. Bank. P.

1  6004(h), so that the proposed sale can close as soon as possible.

3  DATED: August 30, 2017   DOWNEY BRAND LLP

5                By:   /s/ Jamie P. Dreher
                    JAMIE P. DREHER
                  Attorney for Chapter 11 Trustee
                       Bradley Sharp